UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RICHARD LEE JOHNSEN,<br><br>                Plaintiff,<br><br>    v.<br><br>DEPUTY LELAND HARLAN, et al.,<br><br>                Defendants. | CASE NO. C19-58 MJP<br><br>ORDER ON REPORT AND RECOMMENDATION |

The above-entitled Court, having received and reviewed:

1. Report and Recommendation (Dkt. No. 41),

2. Defendant Harlan's Objections to Magistrate Judge's Report and Recommendation (Dkt. No. 44),

all attached declarations and exhibits, and relevant portions of the record, rules as follows:

IT IS ORDERED THAT the Report and Recommendation is PARTIALLY ADOPTED and PARTIALLY REJECTED; Defendants' motion for summary judgment (Dkt. No. 29) will be

GRANTED as to Plaintiff's request for compensatory damages and DENIED as to Plaintiff's Fourteenth Amendment claims against both Officer Harlan and Officer Gomez.

## Discussion

Factual background

The Court adopts and incorporates by reference the "Facts" section of the Report and Recommendation ("R&R"). Dkt. No. 41 at 2-3.

Procedural background

Plaintiff filed this suit in January 2019 (Dkt. No. 1), then filed a second amended complaint in April 2019. (Dkt. No. 21.) He alleges violations of his constitutional rights as a result of Defendants' actions (id. at 6), and requests declaratory and injunctive relief as well as compensatory and punitive damages. (Id. at 7-8.)

Defendants have filed a summary judgment motion seeking dismissal of all claims against them. The motion is fully briefed. The Honorable Mary A. Theiler issued a Report and Recommendation (Dkt. No. 41) endorsing the following actions:

1. GRANTING Defendants' motion for dismissal of Plaintiff's claim for compensatory damages,
2. DENYING Defendant Harlan's motion for dismissal of Plaintiff's constitutional claims against him, and
3. GRANTING Defendant Gomez's motion for dismissal of Plaintiff's constitutional claims against him.

Defendant Harlan timely filed his objections to the recommendation. (Dkt. No. 44.) Plaintiff filed no objections.

Analysis

Plaintiff alleges no physical injury as a result of Defendants' action, only that "the defendants did intentionally cause, the plaintiff, [*sic*] emotional distress for the plaintiff's life." (Dkt. No. 21 at ¶27.) The Prison Litigation Reform Act clearly states:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

42 U.S.C. § 1997e(e). Thus, while Plaintiff may be entitled to punitive or nominal damages should a jury find in his favor on his constitutional claims, his claim for compensatory damages must be dismissed.

Turning to Defendant Harlan's objections, there appears to be no dispute that the allegations of Plaintiff's complaint satisfy the requirements for a civil rights claim under § 1983: Plaintiff alleges (1) a violation of rights protected by the U.S. Constitution (2) proximately caused by a person or persons acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir. 1991).

Defendant Harlan does not dispute that "pretrial detainees have a clearly established Fourteenth Amendment due process right to be free from violence from other inmates." Castro v. County of Los Angeles, 833 F.3d 1060, 1066 (9th Cir. 2016). Defendant Harlan's objections to the Magistrate Judge's findings are confined to whether the Report and Recommendation properly applied the elements of a pretrial detainee's Fourteenth Amendment failure-to-protect claim to his situation. Those elements are:

(1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined;

(2) Those conditions put the plaintiff at substantial risk of suffering serious harm;

1    (3) The defendant did not take reasonable available measures to abate that risk, even though
2        a reasonable officer in the circumstances would have appreciated the high degree of risk
3        involved – making the consequences of the defendant's conduct obvious; and
4    (4) By not taking such measures, the defendant caused the plaintiff's injuries.
Id. at 1071.

Defendant Harlan's defense to this claim may be summarized as "I didn't have enough time to make an 'intentional' decision regarding the conditions of confinement." Harlan cites a number of cases involving high speed chases and life or death situations where courts have immunized officers who had to make snap judgments. *See* County of Sacramento v. Lewis, 523 U.S. 833, 853-54 (1998); Wilkinson v. Torres, 610 F.3d 546, 554 (9th Cir. 2010) (Dkt. No. 44, Objections at 5-6). The Court finds these cases distinguishable, both in the severity of the situation and the time in which the officers had to make their decision.

Additionally (as even Harlan points out), Plaintiff's testimony is that Harlan had enough time from the point at which the hostile inmate began advancing on Harlan to simply exit the day-room, thereby defusing the entire situation. Thus, in addition to evidence indicating a non-life threatening situation which did not require a "split-second" snap judgment, this is also a situation where disputed issues of material fact preclude the granting of summary judgment and render the case amenable to resolution only by trial.

Further, Harlan argues that Plaintiff was never at serious risk of physical harm, pointing out that Beazizo (the hostile inmate) was angry at him (Harlan), not the Plaintiff. The Court finds no merit in this position – it would be entirely reasonable for a jury to conclude that, in a volatile and violent circumstance such as has been depicted by the evidence here, Plaintiff could well have been the victim of violence from the aggressor either directly (i.e., Beazizo clearly

wanted to strike *someone* and Harlan made Plaintiff the most easily available target) or indirectly (i.e., Beazizo could have injured Plaintiff simply trying to get to Harlan).

Harlan also points out that it appeared that Plaintiff's presence was actually calming Beazizo down, but the Court does not find that a meritorious defense. Defendant does not testify that he knew that Plaintiff would help defuse the situation *before* he decided to use Plaintiff as a human shield, and cites no case law holding it a defense (1) to put an inmate in harm's way because the inmate appears to be attempting to defuse the situation or (2) that it turned out *after* the decision had been made that Plaintiff had a calming effect on the aggressor.

Neither does the fact that Harlan summoned other deputies to assist him constitute "reasonable available measures to abate [the] risk." In the first place, there is ample evidence that Defendant Gomez, the second deputy to arrive on the scene, *also* used Plaintiff as a human shield (*see infra*). Secondly, viewing the facts in the light most favorable to the non-moving party, a reasonable jury could find that there was sufficient time for Beazizo to have injured Plaintiff before the remainder of the deputies arrived and brought the situation under control.

Defendant Harlan is not entitled to summary judgment on the failure-to-protect claim. In reaching this decision, the Court has made a *de novo* review of those portions of the R&R to which Harlan objected. ("When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C);" Bushey v. Comm'r of Soc. Sec., No. 8:16-CV-0774 (GTS/WBC), 2017 U.S. Dist. LEXIS 159137, at *10-11 (N.D.N.Y. Sep. 27, 2017)(emphasis in original).)

No objection, however, was filed regarding the R&R's recommendation that the constitutional claims against Defendant Gomez be dismissed.

> [W]hen *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Id.

Bushey, *supra* (emphasis in original). In reviewing the recommendation that summary judgment be granted as regards Defendant. Gomez, the Court finds clear error and declines to adopt the recommendation.

Even recognizing that the period of time between Officer Gomez entering the day room and the defusing of the potentially hostile situation (i.e., the point at which a larger group of officers responded and subdued the hostile inmate) is shorter than the interval during which Officer Harlan was present and interposing Plaintiff between himself and the aggressor, the Court sees little difference between the circumstances of the two defendants vis-à-vis the elements of the constitutional claim.

There is abundant evidence that Officer Gomez did exactly what Officer Harlan did: entered the day room, observed the situation and proceeded to situate himself behind Plaintiff. As the R&R put it, "[a]ccording to plaintiff and several inmate witnesses, Officer Gomez ran behind plaintiff and used him as a shield until more officers arrived in the day room." R&R at 3 (*citing* Dkt. No. 38, Decl. of Johnsen at 3; Dkt. No. 15, Decl. of Dutcher at 2; Dkt. No. 16, Decl. of Griffin at 2; Dkt. No. 17, Decl. of Keith at 2).

The R&R finds it significant that "only eight seconds elapsed between the time Officer Gomez entered the day room and the arrival of the other deputies," reasoning that "[n]o reasonable jury could conclude that Officer Gomez failed to take reasonable measures to abate the risk within eight seconds of him entering an unknown situation." R&R at 9. The Court does

1 | not agree.  In that eight-second interval (which likely seemed like quite a long time to Plaintiff),
2 | Officer Gomez had enough time to decide whether to confront the hostile inmate himself or take
3 | shelter behind Plaintiff.
4 |     Not to put too fine a point to it, but it is part of the job of jail security officers to confront
5 | and subdue hostile inmates; doing so in this situation would have been a "reasonable measure to
6 | abate the risk" to Plaintiff and a reasonable jury could find that eight seconds was plenty of time
7 | to decide whether to do his job or leave Plaintiff in harm's way.  It is, at the very least, clear error
8 | to decide that as a matter of law Plaintiff cannot be said to have stated an arguable claim to a
9 | violation of his constitutional rights.

**Conclusion**

Plaintiff does not challenge the R&R's conclusion that, having alleged no physical injuries, he is not entitled to compensatory damages.  The Court agrees with that determination and adopts the recommendation.  Summary judgment will be granted to Defendants Harlan and Gomez regarding that claim.

The Court further agrees with the Magistrate Judge's recommendation to deny summary judgment to Defendant Harlan on Plaintiff's constitutional claim, both on the grounds that Officer Harlan is not entitled as a matter of law to prevail against Plaintiff and because there are disputed issues of material fact which preclude summary judgment.

Finally, despite Plaintiff's failure to object, the Court finds clear error in the recommendation that summary judgment be granted to Defendant Gomez.  There are sufficient similarities between the circumstances implicating both officers to deny summary judgment as a matter of law, and sufficient counterfactual allegations to find disputed issues of material fact which likewise preclude dismissal of the claims against Officer Gomez.

The clerk is ordered to provide copies of this order to the Honorable Mary Alice Theiler, the Plaintiff, and to all counsel.

Dated December 10, 2019.

Marsha J. Pechman
United States Senior District Judge