UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RICHARD LEE JOHNSEN,<br><br>                Plaintiff,<br><br>    v.<br><br>HARLAN and GOMEZ,<br><br>                Defendants. | CASE NO. C19-58 MJP<br><br>ORDER ON DEATH OF<br>PLAINTIFF [FRCP 25(A)(1)] |

      This is a civil rights action brought under 42 U.S.C. § 1983. The Court had recently denied a motion to dismiss by the Defendants (Dkt. No. 46) and ordered the parties to confer and prepare a Joint Status Report which was due on January 20, 2020. (Dkt. No. 47.)

      Defendants have filed a Notice of Inability to Comply with Scheduled Order of December 19, 2019 Due to Death of Plaintiff. (Dkt. No. 49.) The pleading reports the death of pro se Plaintiff Richard Lee Johnsen in a house fire on November 28, 2019 and includes both news reports on the fire and a media report by the Skagit County Coroner reflecting Plaintiff's

ORDER ON DEATH OF PLAINTIFF [FRCP 25(A)(1)] - 1

death from "inhalation of products of combustion due to residential fire" which was ruled an accident. (Dkt. No. 49-1, Declaration of Erik Pedersen.)

Rule 25(a)(1) of the Federal Rules of Civil Procedure provides that if a party to an action dies, and the claim is not extinguished, the action shall be dismissed as to the deceased party unless substitution is made within 90 days of the service of a suggestion of death. *See* Fed. R. Civ. P. 25(a)(1). Because Plaintiff's request for relief included a request for damages, Plaintiff's claim was not extinguished by his death and, thus, the provisions of Rule 25 come into play.

In <u>Barlow v. Ground</u>, 39 F.3d 231, 233 (9th Cir. 1994), the Ninth Circuit held that Rule 25 requires two affirmative steps to trigger the running of the 90-day period. "First, a party must formally suggest the death of the party upon the record. Second, the suggesting party must serve other parties and non-party successors of the deceased with the suggestion of death ...." <u>Id</u>.

While Defendants have completed the first step of this process by filing a notice of death, there appears, as yet, to have been no attempt to complete the second step; i.e., "service of other parties and non-party successors of the deceased with the suggestion of death." Although Plaintiff was out of custody at the time of his death, he clearly had been in the custody of the Skagit County authorities in the recent past. Presumably the data collected upon his arrest and subsequent incarceration would have included some information about next of kin or emergency contacts. The Court further presumes that the Skagit County Prosecuting Attorney's Office would have access to that information and could use it to provide the notice of death and the existence of this lawsuit to "non-party successors of the deceased."

With that in mind,

IT IS ORDERED that Defendants' counsel will make all reasonable efforts to (1) ascertain the identity and contact information of any non-party successors to the deceased; and

(2) provide such persons as they discover a copy of the notice of Plaintiff's death and the existence of this lawsuit.

IT IS FURTHER ORDERED that Defendants' counsel shall provide the Court with a status report regarding the above-ordered efforts by **February 7, 2020**.

IT IS FURTHER ORDERED that Defendants are relieved of the requirement to file a Joint Status Report, and the case is STAYED until further notice.

The clerk is ordered to provide copies of this order to all counsel.

Dated January 8, 2020.

Marsha J. Pechman
United States Senior District Judge